The declination by the court to permit the refiling of the grounds of contest is not within the influence of § 9459, and is not reviewable on the record without a bill of exceptions. Huntsville Knitting Mills v. Butner, 200 Ala. 288, 76 So. 54.

I am of opinion, however, that the orders appealed from will not support the appeal. As before stated, the grounds of contest are but pleas in bar to the petition to probate, and it requires no authority to support the conclusion that the striking of a plea is not a final judgment which will support an appeal. The question is jurisdictional. Bell v. King, 210 Ala. 557, 98 So. 796; State ex rel. Garrow et al. v. Grayson, Judge, 220 Ala. 12, 123 So. 573; Osborn v. Robertson Tire & Auto Co., 15 Ala.App. 358, 73 So. 229.

After appellant's pleas were stricken she had the right to join in the pending contest.

I am of opinion that the rehearing should be granted, and the appeal dismissed.

BOULDIN, Justice.

Appellant, Grady Tubbs, alias Grady Pitts, was indicted by the grand jury of Hale County for the murder of Horace Nash; was tried and convicted of murder in the first degree and his punishment fixed at death.

The appeal is upon the record without bill of exceptions.

The record discloses the indictment, arraignment, setting day for trial and ordering of special venire, the summoning and impaneling of a jury, service of copy of the venire and of the indictment as required by law, the trial, verdict, judgment and sentence, and representation of defendant by counsel appointed by the court, in all respects as required by law. No error appearing the judgment is affirmed.

Affirmed.

All Justices concur.

188 So. 394

### TUBBS v. STATE.

2 Div. 140.

Supreme Court of Alabama.

April 27, 1939.

G. E. Sledge and W. R. Withers, both of Greensboro, for appellant.

Thos. S. Lawson, Atty. Gen., for the State.

188 So. 393

### GILMORE v. STATE.

6 Div. 432.

Supreme Court of Alabama.

April 27, 1939.

No attorney marked for appellant.

Thos. S. Lawson, Atty. Gen., for the State.

GARDNER, Justice.

The appeal is from a judgment of conviction of murder in the first degree with infliction of the death penalty.

There was no bill of exceptions, and the appeal is upon the record.